UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JULIE E., <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:23-cv-00421-BLW-REP <br><br> **REPORT AND RECOMMENDATION** |

Pending is Plaintiff Julie E.'s Complaint (Dkt. 1), appealing the Social Security Administration's denial of her disability claim. This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

## I. ADMINISTRATIVE PROCEEDINGS

On June 10, 2020, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning May 30, 2020. The claim was originally denied on January 7, 2021, and again on reconsideration on June 16, 2021. On July 9, 2021, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On July 6, 2022, ALJ Wynne O'Brien-Persons held a telephonic hearing (due to the COVID-19 Pandemic), at which time Plaintiff, appearing with her attorney Cord Harris, testified. Martin Brodwin, an impartial vocational expert, also appeared and testified at the same hearing.

On August 11, 2022, the ALJ issued a decision denying Plaintiff's claim, finding that she was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council. On July 31, 2023, the Appeals Council denied Plaintiff's

REPORT AND RECOMMENDATION - 1

Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Plaintiff is now represented by attorney Brad Parkinson and, having exhausted her administrative remedies, brings this case. She contends that the ALJ erred because her composite job as a quality control technician and food preparation supervisor was incompatible with her residual functional capacity ("RFC"). Pl.'s Brief at 1, 4-8 (Dkt. 13). Plaintiff requests that the Court reverse the ALJ's decision and find that she is entitled to benefits. *Id*. at 8.

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational

**REPORT AND RECOMMENDATION - 2**

interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III.  REPORT

**A.  Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied regardless of her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has

not engaged in SGA, the analysis goes to the second step. Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 30, 2020 (the alleged onset date). AR 20.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that Petitioner has the following severe medically determinable impairments: "lumbar degenerative disc disease and left knee degenerative joint disease." AR 20.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that Petitioner's above-listed medically determinable impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. AR 21.

**REPORT AND RECOMMENDATION - 4**

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is capable of sitting/standing/walking 1 hour at a time and must be able to change positions to an alternate position for up to one hour; occasional climbing of ladders/ropes/scaffolds; occasional postural activity except unlimited balancing; frequent exposure to vibrations; and occasional exposure to hazards.

AR 21.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled. Here, the ALJ found that Plaintiff was able to perform her past relevant work as a quality control technician and food preparation supervisor. AR 27-28 (noting the "composite" nature of Plaintiff's past relevant work). Based on these findings, the ALJ concluded that Plaintiff was not under a disability from May 30, 2020 (the alleged onset date) through the date of the July 28, 2021 decision. AR 28-29.

**REPORT AND RECOMMENDATION - 5**

B. Analysis

At steps four and five of the sequential process, the ALJ must determine whether the claimant's RFC allows her to return to her past relevant work. *Supra*. "[A] claimant has the burden to prove that [she] cannot perform [her] past relevant work 'either as actually performed or as generally performed in the national economy.'" *Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (quoting *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002)). If the claimant is able to perform past relevant work as actually or generally performed, the claimant is not disabled. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

Critical to this case, however, "[w]hen a job is a 'composite' – that is, it has significant elements of two or more occupations and therefore has no counterpart in the [Dictionary of Occupational Titles] – the ALJ considers only whether the claimant can perform the work as actually performed." *Bade v. Colvin*, 2016 WL 3033685, at *4 (D. Or. 2016) (citing *Cook v. Colvin*, 2015 WL 162953, at *7 (C.D. Cal. 2015)). Composite jobs are evaluated "according to the particular facts of each individual case." SSR 82-61, 1982 WL 31387, at *2. An ALJ may not classify a composite job according to its "least demanding function" to conclude that a claimant can perform her past relevant work. *Virgil C.H. v. Kijakazi*, 2023 WL 8784955, at *6 (D. Alaska 2023) (defining the "least demanding aspect" of a claimant's past job as a task that a claimant performs less than half than half the time). To be sure, the Programs Operation Manual System ("POMS") instructs that when comparing a claimant's RFC to a composite job as the claimant performed it, an ALJ may only find the claimant capable of performing the past relevant work if she can perform all parts of the job. POMS § 25005.020(B).

In this case, the ALJ determined that (i) Plaintiff has the RFC to perform light work; and (ii) since Plaintiff's past relevant composite job as a quality control technician and food preparation supervisor are generally performed in the national economy – and were actually

**REPORT AND RECOMMENDATION - 6**

performed by Plaintiff – at the light exertional level; then (iii) Plaintiff remains capable of performing her past relevant work and, thus, is not disabled. AR 21-29. Plaintiff takes issue with these findings and argues that the ALJ erred in two ways: first, that the ALJ improperly considered how Plaintiff's composite job was generally performed in the national economy, and second, that the actual lifting demands of Plaintiff's composite job are not compatible with a light exertional RFC. Pl.'s Brief at 4-7 (Dkt. 13). In particular, Plaintiff claims that her work history report aligns more with a medium exertional RFC because, "as a system trainer, she lifted 30 to 40 pounds, sometimes up to 50 pounds." *Id*. at 6 (citing AR 258).[1]

In response, Defendant agrees with Plaintiff that the ALJ erred and that this case should be remanded. Def.'s Resp. at 1-2 (Dkt. 15). Defendant disagrees, however, on the terms of the remand. Plaintiff believes the case should be reversed and remanded for a benefits award, whereas Defendant believes the case should be remanded for further proceedings to address Plaintiff's different descriptions of how she historically performed her composite job. *Compare* Pl.'s Brief at 6-7 (Dkt. 13),[2] *with* Def.'s Resp. at 2-4 (Dkt. 15). For the reasons discussed below, the Court determines that a remand for further proceedings is most appropriate.

Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler*, 775

---

[1] Concerning the "system trainer" aspect of Plaintiff's argument, during the July 6, 2022 hearing, the vocational expert, Mr. Brodwin, noted Plaintiff's work history: "She was a quality control system technician, a trainer, and a supervisor." AR 56. Mr. Brodwin characterized this work as a "hybrid job." AR 56-57 ("I would describe that job in two ways. It'll be a hybrid job. The first part of the job is quality control technician. . . . The second part of that job – so it's a combined job, is a food preparation supervisor, and that also covers trainer. . . . So overall, this combined job would be light and skilled."). The ALJ relied on this testimony to conclude that, given her RFC, Plaintiff retained the ability to perform her past relevant composite job as a quality control technician and food preparation supervisor. AR 27-28.

[2] But elsewhere, Plaintiff alternatively asks that the matter be remanded for further administrative proceedings. *See* Pl.'s Brief at 8 (Dkt. 13); *see also* Compl. at 2 (Dkt. 1).

**REPORT AND RECOMMENDATION - 7**

F.3d at 1099-1100.  The issue turns on the utility of further proceedings.  A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act.  *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding.  *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014).  The court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings.  *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).  Only if the record has been fully developed and there are no outstanding issues left to be resolved does the court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true.  *Id*.; *see also Treichler*, 775 F.3d at 1101 ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.").  If so, the court can exercise its discretion to remand for an award of benefits.  *Dominguez*, 808 F.3d at 407.  The court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error.  *Id*. at 408.

Here, it is undisputed that the ALJ made a legal error when he seemed to assess how Plaintiff's composite job was generally performed in the national economy.  But as to how Plaintiff's composite job was actually performed, there are conflicts and ambiguities in the record that require further proceedings.  For example, while Plaintiff rightly points to her October 23, 2020 "work history report" indicating that her work as a "System Trainer" involved lifting up to 50 pounds (though mostly 30 or 40 pounds), Defendant counters that Plaintiff's July 27, 2020 "disability report" reveals a single job – "Quality Lead" – that only involved lifting less

**REPORT AND RECOMMENDATION - 8**

than 10 pounds.  *Compare* AR 258, *with* AR 247-48.  Importantly (though also confusingly), Plaintiff listed each of these jobs as *full-time positions during the same general period of time* within Plaintiff's work history.  *Compare* AR 258 (Plaintiff describing her work as a "System Trainer" from March 9, 2000 and May 30, 2020), *with* AR 247 (Plaintiff describing her work as a "Quality Lead" from January 2000 to June 2020).  In other words, there is an upfront disconnect in the way that Plaintiff described her job duties, including lifting requirements, in these reports.  And crediting either report over the other would lead to profoundly different results – indeed, one report supports a disability finding, the other does not.  *See* Def.'s Resp. at 4 (Dkt. 15) ("If the claimant's past work in fact required her to lift less than 10 pounds, as she suggested on one occasion, the job could be performed with the RFC found in the decision.  If it required her to lift up to 40 pounds, as she suggested on a different occasion, the job could not be performed with the RFC in the decision.") (citations omitted).  Perhaps the reports can be reconciled as Plaintiff attempts to do in her briefing.  Reply ISO Pl.'s Brief at 2-3 (Dkt. 16) (dissecting the tasks of Plaintiff's composite job and applying the reports to different component parts).  But neither the ALJ nor Mr. Brodwin ever confronted the issue to better understand how, exactly, Plaintiff actually performed her composite job and, likewise, whether Plaintiff is capable of performing that as-performed job in light of her RFC.  That remains an unanswered lynchpin question.

      At bottom, there are conflicts and ambiguities in the record that require further proceedings rather than an award of benefits.  Specifically, the Court cannot determine how the ALJ categorized Plaintiff's past relevant work so that Plaintiff's RFC can be compared against it.  Therefore, the undersigned recommends that the case be remanded so that these factual issues can be addressed and Plaintiff's entitlement to benefits is understood.  On remand, the ALJ shall reevaluate the evidence, offer Plaintiff the opportunity for a *de novo* hearing, and issue a new

**REPORT AND RECOMMENDATION - 9**

decision. To that end, the ALJ shall obtain detailed testimony from Plaintiff about her past relevant work, obtain testimony from a vocational expert, reevaluate Plaintiff's past relevant work, and determine whether Plaintiff can perform it based on her RFC.

## IV. **RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (Dkt. 1) be GRANTED, and that the decision of the Commissioner be REVERSED and REMANDED for further proceedings consistent with this decision.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED: July 29, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge